PER CURIAM.
The appellees were the owners of certain real property upon which the appellants held a purchase money second mortgage. All of the parties to this appeal were defendants in a suit to foreclose a first mortgage on the same property. During the course of the foreclosure of the first mortgage, the appellants filed a cross-claim against the appellees, seeking to foreclose their purchase money second mortgage, and for a deficiency decree. A final decree was *341 entered foreclosing the first mortgage, finding that liens held by others named to the action, including the appellants and ap-pellees, were junior and inferior to the lien of the first mortgage holder, and ordering the property sold. A sale was had, the first mortgage holder was the successful bidder, and a certificate of title was issued to the first mortgage holder. After a hearing on the issues made by the cross-claim, the court entered a decree denying fore■closure of the purchase money second mortgage and also denying a deficiency decree against the appellees. It is this decree which appellants seek to reverse.
The appellants contend in the main that the chancellor abused his discretion in •denying them a deficiency decree. Without going into the many reasons why the chancellor was correct in entering the decree appealed, suffice it to say that we have carefully examined the record here and are in complete accord with his conclusions.
Since the final decree appealed may be urged at a later date as a bar to the appellants’ attempted recovery for the debt represented by the promissory notes, we are ■of the view that the decree should be modified to the extent that it is without prejudice to the appellants to seek such appropriate remedy as they may be advised. The decree is so modified, and, as modified, .it 4s affirmed.
Affirmed.
Supplemental Opinion
This court’s opinion and decision in this cause was handed down on October 6, 1964. Upon appellees’ request, time for filing petition for rehearing was extended up to and including November 2, 1964. On October 28, 1964, the parties to this cause submitted to the court a stipulation whereby this court was requested to confirm and approve the stipulation by mandate and return the cause to the chancellor for the entry of a money decree on the appellees’ promissory note, all in accordance with the amount, terms and provisions set out in the stipulation.
We decline to approve the proffered stipulation and to take the action requested by the parties for the following reasons: (1) The opinion and decision of this court, dated October 6, 1964, modified the decree appealed by providing that said decree was “without prejudice” and that appellants could “seek such appropriate remedy as they may be advised.” The decree as modified was affirmed. (2) The ap-pellees’ claim as evidenced by the stipulation and the record in this cause is purely legal in character, that is to say, it is based upon a promissory note on which there is an alleged balance due of approximately $1,900. Such claim, as well as the amount, is within the jurisdiction .of the civil court of record; therefore, this court, if it acceded to the request of the parties, would in effect be directing the circuit court to enter judgment in a cause over which it has no jurisdiction.
Although we decline to approve the stipulation, such declination is confined solely to the reasons recited hereinabove.
Accordingly, the requested relief is denied.